# EXHIBIT A

Case 1:21-cv-03045-PAE-OTW   Document 1-1   Filed 04/08/21   Page 2 of 40

Supreme Court of the State of New York

County of New York, 60 Centre Street

New York, NY 10007

**SUMMONS**

**PLAINTIFF/ PLAINTIFF/ PETITIONER:**        **ANURAG SHANKAR**

**DEFENDANT/ DEFENDANTS:**                   **ACCENTURE, LLP**

1.   PLEASE TAKE NOTICE THAT YOU ARE SUMMONED to answer the complaint of

     the plaintiff herein and to serve a copy of your answer on the plaintiff at the address

     indicated below within 20 days after service of this Summons (not counting the day of

     service itself), or within 30 days after the service is complete if the Summons is not

     delivered personally .to you within the State of New York.

2.   YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be

     entered against you by default for the relief demanded in the complaint.


**November 13, 2020**
**Date of summons**

*Anurag Shankar*

**PLAINTIFF'S NAME AND ADDRESS:**
ANURAG SHANKAR
15A KENSINGTON HALL GARDENS
BEAUMONT AVENUE
WEST KENSINGTON
LONDON W14 9LS
UNITED KINGDOM
PHONE: +44 7809 235678

**DEFENDANT'S NAME AND ADDRESS:**
Accenture LLP
1345 Avenue of the Americas
New York, NY 10105
**Venue:** Plaintiff designates New York County as the place of trial. The basis of this designation
is:
Defendant's office address in New York County, and
Plaintiff worked for the Defendant in New York County

1

Case 1:21-cv-03045-PAE-OTW   Document 1-1   Filed 04/08/21   Page 3 of 40

Supreme Court of the State of New York

County of New York

60 Centre Street

New York, NY 10007

**COMPLAINT**

**PLAINTIFF/ PLAINTIFF/ PETITIONER:**     ANURAG SHANKAR

15A KENSINGTON HALL GARDENS

BEAUMONT AVENUE

WEST KENSINGTON

LONDON W14 9LS

UNITED KINGDOM

**DEFENDANT/ DEFENDANTS:**     ACCENTURE, LLP

1345 Avenue of the Americas

New York, NY 10105

**TO THE SUPREME COURT OF THE STATE OF NEW YORK**

**The complaint of the plaintiff, Anurag Shankar respectfully shows and alleges as follows:**

**DISCRIMINATION based on DISABILITY, AGE, NATIONAL ORIGIN, and RACE**

**The Parties**

1.     The undersigned charging party, Mr. Anurag Shankar ("Mr. Shankar" or "Plaintiff"), is a

forty-eight (48) year-old male.

2.     Mr. Shankar is a citizen of the United Kingdom and is of Indian ancestry.

1

Case 1:21-cv-03045-PAE-OTW   Document 1-1   Filed 04/08/21   Page 4 of 40

3.     Accenture, LLP ("Accenture" or "Defendant") is a "global professional services company providing a range of strategy, consulting, digital, technology, & operations services and solutions" with an office located at 1345 Avenue of the Americas, New York, NY 10105.

4.     At all times relevant to this charge of discrimination, Defendant maintained an employment relationship with fifty (50) or more individuals and is an "employer" within the meaning of all applicable federal and local statutes.

5.     At all times relevant to this charge of discrimination, Mr. Shankar was an "employee" of Accenture within the meaning of federal and local statutes and entitled to protection.

6.     At all times relevant to this charge of discrimination, Mr. Shankar was able to perform the essential duties of his position of employment with or without a reasonable accommodation.

7.     At all times relevant to this charge of discrimination, Mr. Shankar maintained the requisite experience, skills, or qualifications for his employment position at Accenture and satisfactorily performed his employment responsibilities.

**DISCRIMINATION BASED UPON DISABILITY, AGE, NATIONAL ORIGIN, and RACE, and FAILURE TO REASONABLY ACCOMMODATE A DISABILITY**

8.     Mr. Shankar is a forty-eight (48) year-old British citizen who was hired by Accenture's London office on or about January 23, 2014 as a Management Consulting Manager.

9.     The Plaintiff is, and was at the material times, disabled. The Plaintiff has the following disabilities (Refer Paragraphs 10 and 11 below):

2

10. Sleep apnea, for which he received a diagnosed by the Sleep Centre at Charing Cross Hospital in London, UK in February/ March 2015. That impairment continues to the present day.

11. Posterior tibial tendon dysfunction ("PTTD") with significant degenerative changes causing pain in his feet and ankles, for which he has received treatment since 2015. That impairment was diagnosed by the Charing Cross Hospital and also the 'BUPA Cromwell Hospital' in London, UK. That impairment continues to the present day.

12. The Defendant was aware of the Plaintiff's disabilities. The Plaintiff informed his managers and HR team in the USA and the UK regarding his disabilities.

13. The Defendant knew or ought reasonably to have known that the Plaintiff was disabled.

14. In about October 2016, Mr. Shankar was encouraged to apply for a transfer to Accenture's office in New York City.

15. Mr. Shankar applied for the transfer and received an offer of employment in March 2017. Thereafter, Accenture processed Mr. Shankar's L-1A Visa and scheduled Mr. Shankar to arrive in New York City on or about May 15, 2017.

16. Upon information and belief, Defendant Accenture compensated Plaintiff at a lower salary rate than other similarly situated employees who did not require a temporary worker visa in order to be authorized to work in the USA. The Defendant Accenture also reduced complaint's 'Month at Level' at Accenture without informing the Plaintiff about it while transferring him from the UK to the USA.

17. For the sake of clarity, Plaintiff received less money than other employees of Defendant who had the same or similar job duties or titles simply because Plaintiff originated from another country – specifically, the United Kingdom and is of Indian ancestry.

3

18.    In about early May 2017, Mr. Shankar was advised by his treating physician to undergo immediate surgery for a stomach issue.

19.    Mr. Shankar immediately informed Accenture's Human Resources in London on May 8, 2017 of his need for surgery.

20.    On May 9, 2017, Mr. Shankar sent an e-mail to HR Department of Accenture USA and HR of Accenture UK and requested a delay of his transfer. Mr. Shankar's request was denied by HR of Accenture USA and he was told that if he did not report to Accenture's office in New York City on May 15, 2017, his employment would be terminated.

21.    Against his treating physician's recommendation, Mr. Shankar reported to Accenture LLP's office in New York City on May 15, 2017 to continue his employment.

22.    In May 2017, shortly after commencing his employment in New York City, Mr. Shankar again informed Human Resources in the USA of his need for surgery.

23.    Accenture LLP provided Mr. Shankar with information concerning FMLA leave and short-term disability.

24.    Mr. Shankar also informed his need for surgery to Managing Directors Thomas S. Marshall and David C. Jones regarding his need for surgery within a few weeks of moving to Accenture USA.

25.    Due to worsening situation, Mr. Shankar again informed Mr. Marshall about his need for surgery during his phone discussion with him around July 31, 2017, a week before the termination of his employment. Mr. Shankar attempted to provide the same information to Mr. Jones, but his meeting with Mr. Jones was postponed several times by Mr. Jones.

26.    On August 7, 2017, when Mr. Shankar was finally able to speak to Mr. David Jones on phone, Mr. Jones told Mr. Shankar to look for a job internally in other departments in two

4

INDEX NO. 159870/2020
Case 1:21-cv-03045-PAE-OTW   Document 1-1   Filed 04/08/21   Page 7 of 40

weeks because he has been without a project for a long time. Mr. Shankar asked for some more time to look for a role but Mr. Jones didn't say anything on it but rather advised him to contact Lauren Kelly and Grace Gummels. Mr. Jones sent an e-mail to Mr. Shankar advising him to contact Grace Gummels and Lauren Kelly for the next step. Ms. Lauren Kelly sent a notice of termination of employment to Mr. Shankar through e-mail on August 7, 2017.

27. It is quite interesting to note that while David Jones told Mr. Shankar that a lot of people are sitting without project in the team, they were hiring people in the team after giving a notice of termination of employment to Mr. Shankar. Roles similar to Mr. Shankar's roles were being advertised internally as well.

28. Please note that though Mr. Shankar was given just two week's notice to look for a job internally along with the Notice of Termination of his employment, his white American citizen colleagues were given longer time to look for a job internally.

29. On June 15, 2017, Harshil Shah, a Senior Manager for Accenture LLP, made derogatory comments about Mr. Shankar's age and ridiculed Mr. Shankar for being a manager at forty-six (46) years-old with a lower billing rate, level, and salary than Mr. Shah.

30. In August 2017, Accenture granted/ approved FMLA Leave and Short-term Disability benefits to Mr. Shankar.

31. Mr. Shankar underwent surgery on August 21, 2017 and requested that he have additional time to secure another role within Accenture.

32. Notwithstanding the fact that Mr. Shankar was on approved FMLA leave and underwent surgery on August 21, 2017, Accenture LLP terminated Mr. Shankar's employment around the second or third week of September 2017.

5

Case 1:21-cv-03045-PAE-OTW Document 1-1 Filed 04/08/21 Page 8 of 40

33. After denying any extension a few times, Accenture later agreed to extend the termination date to November 12, 2017 (later extended to November 13, 2017 because November 12, 2017 was Sunday) or the date Mr. Shankar could return to work, whichever was sooner.

34. Mr. Shankar started looking for roles internally within Accenture. Mr. Shankar was Interviewed by Tracey Buell, Krishna Desai, and Douglas (Managing Director), who decided to transfer Mr. Shankar into their team after getting the role entered into the internal IT system. Ms. Buell also confirmed to Mr. Shankar that the internal transfer takes place only on the 1st or 16th day of the month. Mr. Shankar informed HR for Accenture about his impending transfer. Mr. Shankar also informed HR for Accenture about interviews for other roles within Accenture in the week starting November 13, 2017.

35. Although Mr. Shankar informed Accenture LLP of the impending offer of employment as well as interviews for other roles, Accenture LLP still elected to terminate Mr. Shankar's employment on or about November 13, 2017 while he was on pre-approved floating holiday.

36. Caucasian American employees were provided with either more time to find another internal position (Matthew Matte), or were not terminated for being unable to secure a project to work on during the same time period as Mr. Shankar (i.e. Matthew Hill and Joan).

37. The Plaintiff has been intermittently ill after termination of his employment by the Defendants and his disabilities continues.

38. It came to the Plaintiff's attention that Defendant did not process his medical and short-term disability benefits claims while he was in the USA and they have declined to support him on this.

6

39.    The Plaintiff has suffered and continues to suffer physical and emotional damages as a result of Defendants' conduct. The Plaintiff emphasises that his current medical conditions are all likely to be considered new disabilities in addition to the existing ones.

**Based upon his disability, age, national origin, and race, Mr. Shankar was intentionally discriminated against by Defendant in his employment in violation of Americans with Disabilities Act, as amended, the Age Discrimination in Employment Act, as amended, and Title VII of the Civil Rights Act of 1964, as amended, along with all corresponding state and local laws. Mr. Shankar seeks compensation for damages and costs against the Defendants for which he will be providing further details. The plaintiff would also seek any other relief that the court finds it to be just and proper.**

Dated: November 13, 2020

**ANURAG SHANKAR**
**15A KENSINGTON HALL GARDENS**
**BEAUMONT AVENUE**
**WEST KENSINGTON**
**LONDON W14 9LS**
**UNITED KINGDOM**
**PHONE: +44 7809 235678**

**VERIFICATION**

STATE OF NEW YORK

COUNTY OF

**ANURAG SHANKAR, being duly sworn, deposes and says that: I am the Petitioner/ Plaintiff in this action or proceeding; I have read the foregoing papers and know the contents**

7

Case 1:21-cv-03045-PAE-OTW    Document 1-1    Filed 04/08/21    Page 10 of 40

thereof; the complaint/ petition is true to my own knowledge, except as to the matters stated

to be alleged on information and belief; and as to those matters, I believe it to be true.

Sworn to before me on this 13 day of

November _____ 2020

**Plaintiff/ Petitioner**
(Signed here in front of Notary)

Notary Public

**ANURAG SHANKAR**

**Thomas A. Ricotta**
**Notary Public, State of New York**
**No. 02RI6318982**
**Qualified in Nassau County**
**Commission Expires February 9, 20**

8

Case 1:21-cv-03045-PAE-OTW   Document 1-1   Filed 04/08/21   Page 11 of 40

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No. : 159870/2020
Received NYSCEF: 11/13/2020

-------------------------------------------------------------------x
ANURAG SHANKAR,

                    Plaintiff,

-against-                                                              **AFFIDAVIT OF SERVICE**

ACCENTURE, LLP.,

                    Defendant.
-------------------------------------------------------------------x
State of New York,
County of Kings, ss.:

Juan de los Santos, being duly sworn, deposes and says:

     I am over 18 years of age and I am not a party to this action. I am a duly licensed New York City process server authorized to serve process with license number 2067123.

     On March 10, 2021 at 04:37 p.m., at 401 9th Avenue, New York, New York 10001 (One Manhattan West), I served the attached SUMMONS and COMPLAINT, in this matter, on **ACCENTURE, LLP,** Defendant, by delivering said SUMMONS and COMPLAINT to COLLEEN ALTERI, Workplace Business Operations Senior Manager, an officer employed by said Defendant who indicated that she was expressly authorized to accept process on behalf of said Defendant. Said premises is said Defendant's place of business within the State.

**Description of the Person Served on Behalf of the Defendant:**
Gender: Female    Color of skin: White    Color of hair: Brown    Approx. age: 35-48 Years
Approx. weight: 110-125 Lbs.    Approx. height: 5' 05"- 5' 07"    Other ident. features: Green eyes

                                      Juan de los Santos
New York Process Server No. 2067123

Sworn to before me this
11th day of March, 2021

Melissa Cruz,
Notary Public, State of New York

MELISSA CRUZ
NOTARY PUBLIC-STATE OF NEW YORK
No 01CR6115265
Qualified in Kings County
My Commission Expires 09-07-2024

**Juan de los Santos**
New York Process Server # 2067123
54 Bristol Street, Ste. 7F
Brooklyn, NY 11212

Case 1:21-cv-03045-PAE-OTW   Document 1-1   Filed 04/08/21   Page 12 of 40

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

——————————————————————— x

ANURAG SHANKAR,

      Plaintiff,

v.

ACCENTURE LLP,

      Defendant.

——————————————————————— x

Index No. 159870/2020

**AFFIRMATION OF B. AUBREY SMITH, ESQ IN SUPPORT OF ORDER PURSUANT TO CPLR 2004 (EXTENSION OF TIME TO ANSWER)**

B. AUBREY SMITH, ESQ., an attorney duly admitted to practice law in the courts of the State of New York, affirms the following to be true under penalties of perjury under CPLR 2106:

1.      I am an attorney at the law firm of Winston & Strawn LLP, attorneys for Defendant Accenture LLP ("Defendant") in the above-captioned action.

2.      I submit this Affirmation in support of Defendant's *ex parte* motion under CPLR 2004 for a twenty (20)-day extension of time to answer or otherwise respond to Plaintiff's Summons and Complaint, filed on November 13, 2020 (the "Complaint"), from the current deadline of March 30, 2021 to April 19, 2021. The Complaint is attached hereto as **Exhibit A**.

3.      On November 13, 2020, Plaintiff commenced this action and, on March 10, served the Complaint on Defendant by personal service.

4.      Plaintiff's process server's Affidavit of Service that refers to the same service date is attached hereto as **Exhibit B**.

5.      Accordingly, Defendant's current deadline to answer or otherwise respond to the Complaint is March 30, 2021.

6.      On March 25, 2021, my colleague, Sara E. Arbogast, Esq., who is also an attorney at Winston & Strawn LLP, requested Plaintiff's consent to a thirty-day extension of Defendant's time to answer or otherwise respond to the Complaint to allow the Defendant additional time to answer or otherwise respond.

7.      On March 26, 2021, Plaintiff refused to grant the requested extension, and offered only a ten-day extension instead.

8.      On March 28, 2021, Defendant accepted Plaintiff's offer for a ten-day extension and prepared a draft stipulation for Plaintiff's review and approval.

9.      On March 29, 2021, Plaintiff retracted his original offer of a ten-day extension and offered instead a ten-day extension on the condition that Defendant, in return, agree to stipulate that service of process was properly made.

10.      Good cause exists for Defendant's requested relief, as no previous extensions of the time to respond to the Complaint were granted by stipulation or order.

11.      The instant action is not brought under CPLR 3213.

12.      No prior application has been made for the relief sought herein.

Dated: New York, New York
       March 30, 2021

Respectfully Submitted,
WINSTON & STRAWN LLP

By: _____
    B. Aubrey Smith
    200 Park Avenue
    New York, New York 10166
    212-294-6700 (phone)
    212-294-4700 (fax)
    BASmith@winston.com

    *Attorneys for Accenture LLP*

2




# NYSCEF - New York County Supreme Court
# Confirmation Notice

The NYSCEF website has received an electronic filing on 11/13/2020 05:58 PM. Please keep this notice as a confirmation of this filing.

**159870/2020**
**ANURAG SHANKAR v. Accenture LLP**
**Assigned Judge: None Recorded**

## Documents Received on   11/13/2020 05:58 PM

| Doc # | Document Type |
|---|---|
| 1 | SUMMONS + COMPLAINT |

## Filing User

Anurag Shankar | anuragshankar@yahoo.com
15a Kensington Hall Gardens Beaumont Avenue, West Kensington, London, United Kingdom, NY W14-9LS

## E-mail Notifications

An email regarding this filing has been sent to the following on 11/13/2020 05:58 PM:

**ANURAG SHANKAR - anuragshankar@yahoo.com**

## Email Notifications NOT Sent

| Role | Party | Attorney |
|---|---|---|
| Respondent | Accenture LLP | No consent on record. |

\* Court rules require hard copy service upon non-participating parties and attorneys who have opted-out or declined consent.

---

Hon. Milton A. Tingling, New York County Clerk and Clerk of the Supreme Court
Phone: 646-386-5956     Website: http://www.nycourts.gov/courts/1jd/supctmanh/county_clerk_operations.shtml

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

Page 1 of 1

NYSCEF Notification: New York – Torts - Other - <SUMMONS + COMPLAINT> (ANURAG SHANKAR v. Accenture LLP)

From:   efile@nycourts.gov (efile@nycourts.gov)

To:     anuragshankar@yahoo.com; efile@nycourts.gov

Date:   Friday, 13 November 2020, 22:58 GMT

# New York County Supreme Court
# Notification of Filing
# 11/13/2020

On 11/13/2020, the NYSCEF System received the documents listed below from filing user, ANURAG SHANKAR . Please keep this notice as a confirmation of this filing.

## Case Information

Index #: **Not Assigned**
Caption: **ANURAG SHANKAR v. Accenture LLP**
eFiling Status: **Waiting for Index Number**
Assigned Case Judge: **No Judge Assigned**

## Documents Received

| Doc # | Document | Received Date |
|---|---|---|
| 1 | SUMMONS + COMPLAINT | 11/13/2020 |

## E-mail Service Notifications Sent

| Name | Email Address |
|---|---|
| ANURAG SHANKAR | anuragshankar@yahoo.com |

## E-mail Service Notifications NOT Sent
Court rules require hard copy service upon non-participating parties and attorneys who have opted-out or declined consent

| Party | Attorney |
|---|---|
| Accenture LLP, Defendant/Respondent | No Representation Recorded |

## Filing User

**ANURAG SHANKAR** | anuragshankar@yahoo.com | 15A KENSINGTON HALL GARDENS,  BEAUMONT AVENUE, WEST KENSINGTON, LONDON, UNITED KINGDOM, NY  W14-9LS

***NOTICE:*** *This e-mail is intended only for the named recipient and for the purposes of the New York State Courts E-Filing System. If you are neither the intended recipient nor a person designated to receive messages on behalf of the intended recipient, notify the sender immediately.*

*If you are unsure of the contents or origin of this email, it is advised to NOT click on any links provided. Instead, log into your NYSCEF account to access the documents referred to in this email. Thank you.*

**Hon. Milton A. Tingling, New York County Clerk and Clerk of the Supreme Court**

**Phone:** 646-386-5956

**Website:**

http://www.nycourts.gov/courts/1jd/supctmanh/county_clerk_operations.shtml

INDEX NO. 159870/2020

Case 1:21-cv-03045-PAE-OTW   Document 1-1   Filed 04/08/21   Page 17 of 40

RECEIVED NYSCEF: 03/31/2021

Supreme Court of the State of New York

County of New York, 60 Centre Street

New York, NY 10007

**SUMMONS**

**PLAINTIFF/ PLAINTIFF/ PETITIONER:**     **ANURAG SHANKAR**

**DEFENDANT/ DEFENDANTS:**     **ACCENTURE, LLP**

1.     PLEASE TAKE NOTICE THAT YOU ARE SUMMONED to answer the complaint of
the plaintiff herein and to serve a copy of your answer on the plaintiff at the address
indicated below within 20 days after service of this Summons (not counting the day of
service itself), or within 30 days after the service is complete if the Summons is not
delivered personally .to you within the State of New York.

2.     YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be
entered against you by default for the relief demanded in the complaint.

**November 13, 2020**
**Date of summons**

*Anurag Shankar*

**PLAINTIFF'S NAME AND ADDRESS:**
ANURAG SHANKAR
15A KENSINGTON HALL GARDENS
BEAUMONT AVENUE
WEST KENSINGTON
LONDON W14 9LS
UNITED KINGDOM
PHONE: +44 7809 235678

**DEFENDANT'S NAME AND ADDRESS:**
Accenture LLP
1345 Avenue of the Americas
New York, NY 10105
**Venue:** Plaintiff designates New York County as the place of trial. The basis of this designation
is:          .
Defendant's office address in New York County, and
Plaintiff worked for the Defendant in New York County

1

FILED: NEW YORK COUNTY CLERK 03/31/2021 12:58 PM          INDEX NO. 159870/2020
NYSCEF DOC. NO.          RECEIVED NYSCEF: 03/31/2021

Supreme Court of the State of New York

County of New York

60 Centre Street

New York, NY 10007


**PLAINTIFF/ PLAINTIFF/ PETITIONER:**          **COMPLAINT**

ANURAG SHANKAR

15A KENSINGTON HALL GARDENS

BEAUMONT AVENUE

WEST KENSINGTON

LONDON W14 9LS

UNITED KINGDOM


**DEFENDANT/ DEFENDANTS:**          ACCENTURE, LLP

1345 Avenue of the Americas

New York, NY 10105


**TO THE SUPREME COURT OF THE STATE OF NEW YORK**

**The complaint of the plaintiff, Anurag Shankar respectfully shows and alleges as follows:**

**DISCRIMINATION based on DISABILITY, AGE, NATIONAL ORIGIN, and RACE**

**The Parties**

1.     The undersigned charging party, Mr. Anurag Shankar ("Mr. Shankar" or "Plaintiff"), is a

       forty-eight (48) year-old male.

2.     Mr. Shankar is a citizen of the United Kingdom and is of Indian ancestry.

1

3.    Accenture, LLP ("Accenture" or "Defendant") is a "global professional services company providing a range of strategy, consulting, digital, technology, & operations services and solutions" with an office located at 1345 Avenue of the Americas, New York, NY 10105.

4.    At all times relevant to this charge of discrimination, Defendant maintained an employment relationship with fifty (50) or more individuals and is an "employer" within the meaning of all applicable federal and local statutes.

5.    At all times relevant to this charge of discrimination, Mr. Shankar was an "employee" of Accenture within the meaning of federal and local statutes and entitled to protection.

6.    At all times relevant to this charge of discrimination, Mr. Shankar was able to perform the essential duties of his position of employment with or without a reasonable accommodation.

7.    At all times relevant to this charge of discrimination, Mr. Shankar maintained the requisite experience, skills, or qualifications for his employment position at Accenture and satisfactorily performed his employment responsibilities.

**DISCRIMINATION BASED UPON DISABILITY, AGE, NATIONAL ORIGIN, and RACE, and FAILURE TO REASONABLY ACCOMMODATE A DISABILITY**

8.    Mr. Shankar is a forty-eight (48) year-old British citizen who was hired by Accenture's London office on or about January 23, 2014 as a Management Consulting Manager.

9.    The Plaintiff is, and was at the material times, disabled. The Plaintiff has the following disabilities (Refer Paragraphs 10 and 11 below):

2

10. Sleep apnea, for which he received a diagnosed by the Sleep Centre at Charing Cross Hospital in London, UK in February/ March 2015. That impairment continues to the present day.

11. Posterior tibial tendon dysfunction ("PTTD") with significant degenerative changes causing pain in his feet and ankles, for which he has received treatment since 2015. That impairment was diagnosed by the Charing Cross Hospital and also the 'BUPA Cromwell Hospital' in London, UK. That impairment continues to the present day.

12. The Defendant was aware of the Plaintiff's disabilities. The Plaintiff informed his managers and HR team in the USA and the UK regarding his disabilities.

13. The Defendant knew or ought reasonably to have known that the Plaintiff was disabled.

14. In about October 2016, Mr. Shankar was encouraged to apply for a transfer to Accenture's office in New York City.

15. Mr. Shankar applied for the transfer and received an offer of employment in March 2017. Thereafter, Accenture processed Mr. Shankar's L-1A Visa and scheduled Mr. Shankar to arrive in New York City on or about May 15, 2017.

16. Upon information and belief, Defendant Accenture compensated Plaintiff at a lower salary rate than other similarly situated employees who did not require a temporary worker visa in order to be authorized to work in the USA. The Defendant Accenture also reduced complaint's 'Month at Level' at Accenture without informing the Plaintiff about it while transferring him from the UK to the USA.

17. For the sake of clarity, Plaintiff received less money than other employees of Defendant who had the same or similar job duties or titles simply because Plaintiff originated from another country – specifically, the United Kingdom and is of Indian ancestry.

3

18. In about early May 2017, Mr. Shankar was advised by his treating physician to undergo immediate surgery for a stomach issue.

19. Mr. Shankar immediately informed Accenture's Human Resources in London on May 8, 2017 of his need for surgery.

20. On May 9, 2017, Mr. Shankar sent an e-mail to HR Department of Accenture USA and HR of Accenture UK and requested a delay of his transfer. Mr. Shankar's request was denied by HR of Accenture USA and he was told that if he did not report to Accenture's office in New York City on May 15, 2017, his employment would be terminated.

21. Against his treating physician's recommendation, Mr. Shankar reported to Accenture LLP's office in New York City on May 15, 2017 to continue his employment.

22. In May 2017, shortly after commencing his employment in New York City, Mr. Shankar again informed Human Resources in the USA of his need for surgery.

23. Accenture LLP provided Mr. Shankar with information concerning FMLA leave and short-term disability.

24. Mr. Shankar also informed his need for surgery to Managing Directors Thomas S. Marshall and David C. Jones regarding his need for surgery within a few weeks of moving to Accenture USA.

25. Due to worsening situation, Mr. Shankar again informed Mr. Marshall about his need for surgery during his phone discussion with him around July 31, 2017, a week before the termination of his employment. Mr. Shankar attempted to provide the same information to Mr. Jones, but his meeting with Mr. Jones was postponed several times by Mr. Jones.

26. On August 7, 2017, when Mr. Shankar was finally able to speak to Mr. David Jones on phone, Mr. Jones told Mr. Shankar to look for a job internally in other departments in two

4

weeks because he has been without a project for a long time. Mr. Shankar asked for some more time to look for a role but Mr. Jones didn't say anything on it but rather advised him to contact Lauren Kelly and Grace Gummels. Mr. Jones sent an e-mail to Mr. Shankar advising him to contact Grace Gummels and Lauren Kelly for the next step. Ms. Lauren Kelly sent a notice of termination of employment to Mr. Shankar through e-mail on August 7, 2017.

27.  It is quite interesting to note that while David Jones told Mr. Shankar that a lot of people are sitting without project in the team, they were hiring people in the team after giving a notice of termination of employment to Mr. Shankar. Roles similar to Mr. Shankar's roles were being advertised internally as well.

28.  Please note that though Mr. Shankar was given just two week's notice to look for a job internally along with the Notice of Termination of his employment, his white American citizen colleagues were given longer time to look for a job internally.

29.  On June 15, 2017, Harshil Shah, a Senior Manager for Accenture LLP, made derogatory comments about Mr. Shankar's age and ridiculed Mr. Shankar for being a manager at forty-six (46) years-old with a lower billing rate, level, and salary than Mr. Shah.

30.  In August 2017, Accenture granted/ approved FMLA Leave and Short-term Disability benefits to Mr. Shankar.

31.  Mr. Shankar underwent surgery on August 21, 2017 and requested that he have additional time to secure another role within Accenture.

32.  Notwithstanding the fact that Mr. Shankar was on approved FMLA leave and underwent surgery on August 21, 2017, Accenture LLP terminated Mr. Shankar's employment around the second or third week of September 2017.

5

33.  After denying any extension a few times, Accenture later agreed to extend the termination date to November 12, 2017 (later extended to November 13, 2017 because November 12, 2017 was Sunday) or the date Mr. Shankar could return to work, whichever was sooner.

34.  Mr. Shankar started looking for roles internally within Accenture. Mr. Shankar was Interviewed by Tracey Buell, Krishna Desai, and Douglas (Managing Director), who decided to transfer Mr. Shankar into their team after getting the role entered into the internal IT system. Ms. Buell also confirmed to Mr. Shankar that the internal transfer takes place only on the 1st or 16th day of the month. Mr. Shankar informed HR for Accenture about his impending transfer. Mr. Shankar also informed HR for Accenture about interviews for other roles within Accenture in the week starting November 13, 2017.

35.  Although Mr. Shankar informed Accenture LLP of the impending offer of employment as well as interviews for other roles, Accenture LLP still elected to terminate Mr. Shankar's employment on or about November 13, 2017 while he was on pre-approved floating holiday.

36.  Caucasian American employees were provided with either more time to find another internal position (Matthew Matte), or were not terminated for being unable to secure a project to work on during the same time period as Mr. Shankar (i.e. Matthew Hill and Joan).

37.  The Plaintiff has been intermittently ill after termination of his employment by the Defendants and his disabilities continues.

38.  It came to the Plaintiff's attention that Defendant did not process his medical and short-term disability benefits claims while he was in the USA and they have declined to support him on this.

6

FILED: NEW YORK COUNTY CLERK 11/13/2020 05:58 PM
NYSEF DOC. NO. 3

Case 1:21-cv-03045-PAE-OTW   Document 1-1   Filed 04/08/21   Page 25 of 40

INDEX NO. 159870/2020
RECEIVED NYSCEF: 11/13/2020
RECEIVED NYSCEF: 03/31/2021

39.     The Plaintiff has suffered and continues to suffer physical and emotional damages as a

result of Defendants' conduct. The Plaintiff emphasises that his current medical conditions

are all likely to be considered new disabilities in addition to the existing ones.

**Based upon his disability, age, national origin, and race, Mr. Shankar was**

**intentionally discriminated against by Defendant in his employment in violation of**

**Americans with Disabilities Act, as amended, the Age Discrimination in Employment Act, as**

**amended, and Title VII of the Civil Rights Act of 1964, as amended, along with all**

**corresponding state and local laws. Mr. Shankar seeks compensation for damages and costs**

**against the Defendants for which he will be providing further details. The plaintiff would**

**also seek any other relief that the court finds it to be just and proper.**

Dated: November 13, 2020

**ANURAG SHANKAR**
**15A KENSINGTON HALL GARDENS**
**BEAUMONT AVENUE**
**WEST KENSINGTON**
**LONDON W14 9LS**
**UNITED KINGDOM**
**PHONE: +44 7809 235678**

**VERIFICATION**

STATE OF NEW YORK

COUNTY OF

ANURAG SHANKAR, being duly sworn, deposes and says that: I am the Petitioner/

Plaintiff in this action or proceeding; I have read the foregoing papers and know the contents

7

Case 1:21-cv-03045-PAE-OTW   Document 1-1   Filed 04/08/21   Page 26 of 40

thereof; the complaint/ petition is true to my own knowledge, except as to the matters stated

to be alleged on information and belief; and as to those matters, I believe it to be true.

Sworn to before me on this 13 day of

November                     2020

                                                    Plaintiff/ Petitioner
                                                 (Signed here in front of Notary)

Notary Public

                                                    ANURAG SHANKAR

Thomas A. Ricotta
Notary Public, State of New York
No. 02RI6318982
Qualified in Nassau County
Commission Expires February 9, 2022

8

Case 1:21-cv-03045-PAE-OTW   Document 1-1   Filed 04/08/21   Page 27 of 40

Case 1:21-cv-03045-PAE-OTW   Document 1-1   Filed 04/08/21   Page 28 of 40

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** NEW YORK
------------------------------------------------------------x
ANURAG SHANKAR
Plaintiff/Petitioner,

- against -

Index No. 159870/2020

ACCENTURE LLP
Defendant/Respondent.
------------------------------------------------------------x

## NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:

> 1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

> 2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney**:
  Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney**:
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

> - serving and filing your documents electronically

> - free access to view and print your e-filed documents

> - limiting your number of trips to the courthouse

> - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

Page 1 of 2                              EFM-1

Case 1:21-cv-03045-PAE-OTW   Document 1-1   Filed 04/08/21   Page 29 of 40

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: 26 FEBRUARY 2021

ANURAG SHANKAR          15A KENSINGTON HALL GARDENS
_____          BEAUMONT AVENUE
Name                     WEST KENSINGTON
NOT APPLICABLE           LONDON W149LS
_____          UNITED KINGDOM
Firm Name                _____
                         Address

                         +1
                         _____
                         Phone

                         anuragshankar@yahoo.com
                         _____
                         E-Mail

To: ACCENTURE LLP

1345 AVENUE OF THE AMERICAS

NEW YORK, NY 10105, USA

2/24/20

Index  #          Page 2 of 2          EFM-1

Case 1:21-cv-03045-PAE-OTW   Document 1-1   Filed 04/08/21   Page 30 of 40

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No. : 159870/2020
Received NYSCEF: 11/13/2020

-------------------------------------------------------------------x
ANURAG SHANKAR,

                    Plaintiff,

-against-

ACCENTURE, LLP.,

                    Defendant.

-------------------------------------------------------------------x

**AFFIDAVIT OF SERVICE**

State of New York,
County of Kings, ss.:

Juan de los Santos, being duly sworn, deposes and says:

      I am over 18 years of age and I am not a party to this action. I am a duly licensed New York City process server authorized to serve process with license number 2067123.

      On March 10, 2021 at 04:37 p.m., at 401 9th Avenue, New York, New York 10001 (One Manhattan West), I served the attached SUMMONS and COMPLAINT, in this matter, on **ACCENTURE, LLP,** Defendant, by delivering said SUMMONS and COMPLAINT to COLLEEN ALTERI, Workplace Business Operations Senior Manager, an officer employed by said Defendant who indicated that she was expressly authorized to accept process on behalf of said Defendant. Said premises is said Defendant's place of business within the State.

**Description of the Person Served on Behalf of the Defendant:**

Gender: Female    Color of skin: White    Color of hair: Brown    Approx. age: 35-48 Years
Approx. weight: 110-125 Lbs.    Approx. height: 5' 05"- 5' 07"    Other ident. features: Green eyes

                             _____
                             Juan de los Santos
Sworn to before me this                New York Process Server No. 2067123
11th day of March, 2021

_____
Melissa Cruz,
Notary Public, State of New York

MELISSA CRUZ
NOTARY PUBLIC-STATE OF NEW YORK
No 01CR6115265
Qualified in Kings County
My Commission Expires 09-07-2024

                             **Juan de los Santos**
                      New York Process Server # 2067123
                        54 Bristol Street, Ste. 7F
                        Brooklyn, NY 11212

At an Ex Parte Motion Part of the Supreme
Court of the State of New York, held in and
for the County of New York, at the
courthouse located at 60 Centre Street New
York New York on the _____ day of March
2021.

Present: Hon. _____
                        Justice of the Supreme Court

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
-----------------------------------------------------------------------X
                                     )

ANURAG SHANKAR,                )
                                     )   Index No. 159870/2020

          Plaintiff,           )
                                     )   **[PROPOSED] ORDER**
      vs.                      )   **PURSUANT TO CPLR 2004**
                                     )   **(EXTENSION OF TIME TO**
ACCENTURE LLP,             )   <u>**ANSWER)**</u>
                                     )
          Defendant.        )
                                     )
                                     )
-----------------------------------------------------------------------X

        Upon reading the annexed Affirmation of B. Aubrey Smith, Esq., dated March 30,

2021, and good cause appearing therefore, it is:

              ORDERED, pursuant to CPLR 2004, that the time of the defendant to answer or

move with respect to the complaint is extended for a period of twenty (20) days from the current

deadline of March 30, 2021 to April 19, 2021.

Let service of a copy of this order upon plaintiff on or before the day following the entry of this Order be deemed sufficient.

**ENTER:**

_____
Justice of the Supreme Court

UCS-840
(rev. 07/29/2019)



# REQUEST FOR JUDICIAL INTERVENTION

New York Supreme COURT, COUNTY OF New York

Index No: 159870/2020          Date Index Issued: 11/16/2020

| | **For Court Use Only:** |
|---|---|
| | IAS Entry Date |
| | Judge Assigned |
| | RJI Filed Date |

**CAPTION**    Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet.

ANURAG SHANKAR

Plaintiff(s)/Petitioner(s)

-against-

Accenture LLP

Defendant(s)/Respondent(s)

**NATURE OF ACTION OR PROCEEDING:** Check only one box and specify where indicated.

**COMMERCIAL**

- [ ] Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- [ ] Contract
- [ ] Insurance (where insurance company is a party, except arbitration)
- [ ] UCC (includes sales and negotiable instruments)
- [ ] Other Commercial (specify): _____

*NOTE: For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C).*

**REAL PROPERTY:**    Specify how many properties the application includes: _____

- [ ] Condemnation
- [ ] Mortgage Foreclosure (specify):  [ ] Residential  [ ] Commercial
  Property Address: _____

  *NOTE: For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the FORECLOSURE RJI ADDENDUM (UCS-840F).*

- [ ] Tax Certiorari - Section:          Block:          Lot:
- [ ] Tax Foreclosure
- [ ] Other Real Property (specify): _____

**OTHER MATTERS**

- [ ] Certificate of Incorporation/Dissolution    [see *NOTE* in **COMMERCIAL** section]
- [ ] Emergency Medical Treatment
- [ ] Habeas Corpus
- [ ] Local Court Appeal
- [ ] Mechanic's Lien
- [ ] Name Change
- [ ] Pistol Permit Revocation Hearing
- [ ] Sale or Finance of Religious/Not-for-Profit Property
- [ ] Other (specify): _____

**MATRIMONIAL**

- [ ] Contested
  *NOTE: If there are children under the age of 18, complete and attach the MATRIMONIAL RJI Addendum (UCS-840M).*

  *For Uncontested Matrimonial actions, use the Uncontested Divorce RJI (UD-13).*

**TORTS**

- [ ] Asbestos
- [ ] Child Victims Act
- [ ] Environmental (specify):
- [ ] Medical, Dental, or Podiatric Malpractice
- [ ] Motor Vehicle
- [ ] Products Liability (specify): _____
- [ ] Other Negligence (specify): _____
- [ ] Other Professional Malpractice (specify): _____
- [x] Other Tort (specify): Employment Discrimination

**SPECIAL PROCEEDINGS**

- [ ] CPLR Article 75 (Arbitration)    [see *NOTE* in **COMMERCIAL** section]
- [ ] CPLR Article 78 (Body or Officer)
- [ ] Election Law
- [ ] Extreme Risk Protection Order
- [ ] MHL Article 9.60 (Kendra's Law)
- [ ] MHL Article 10 (Sex Offender Confinement-Initial)
- [ ] MHL Article 10 (Sex Offender Confinement-Review)
- [ ] MHL Article 81 (Guardianship)
- [ ] Other Mental Hygiene (specify): _____
- [ ] Other Special Proceeding (specify): _____

**STATUS OF ACTION OR PROCEEDING:**    Answer YES or NO for every question and enter additional information where indicated.

|  | YES | NO | | |
|---|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | [x] | [ ] | If yes, date filed: | 11/13/2020 |
| Has a summons and complaint or summons with notice been served? | [x] | [ ] | If yes, date served: | 03/10/2021 |
| Is this action/proceeding being filed post-judgment? | [ ] | [x] | If yes, judgment date: | _____ |

**NATURE OF JUDICIAL INTERVENTION:**    Check one box only and enter additional information where indicated.

- [ ] Infant's Compromise
- [ ] Extreme Risk Protection Order Application
- [ ] Note of Issue/Certificate of Readiness
- [ ] Notice of Medical, Dental, or Podiatric Malpractice    Date Issue Joined: _____
- [ ] Notice of Motion    Relief Requested: _____    Return Date: _____
- [ ] Notice of Petition    Relief Requested: _____    Return Date: _____
- [ ] Order to Show Cause    Relief Requested: _____    Return Date: _____
- [x] Other Ex Parte Application    Relief Requested: Extend - Time
- [ ] Poor Person Application
- [ ] Request for Preliminary Conference
- [ ] Residential Mortgage Foreclosure Settlement Conference
- [ ] Writ of Habeas Corpus
- [ ] Other (specify): _____

1 of 2

**RELATED CASES:** List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**.

| Case Title | Index/Case Number | Court | Judge (if assigned) | Relationship to instant case |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**PARTIES:** For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**.

| Un-Rep | Parties<br>List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant; 3rd party plaintiff, etc.) | Attorneys and/or Unrepresented Litigants<br>For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | Issue Joined<br>For each defendant, indicate if issue has been joined. | Insurance<br>For each defendant, indicate insurance carrier, if applicable. |
|---|---|---|---|---|
| ☐ | Name: SHANKAR, ANURAG<br><br>Role(s): Plaintiff/Petitioner | ANURAG SHANKAR, 15A KENSINGTON HALL GARDENS BEAUMONT AVENUE, WEST KENSINGTON, LONDON, UNITED KINGDOM, NY  W14-9LS, anuragshankar@yahoo.com | ☒ YES  ☐ NO | |
| ☐ | Name: Accenture LLP<br><br>Role(s): Defendant/Respondent | BRIAN SMITH, Winston & Strawn LLP, 200 Park Ave , New York, NY  10166, basmith@winston.com | ☐ YES  ☒ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES  ☐ NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER  RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated:  03/31/2021

BRIAN AUBREY SMITH
Signature

5001987
Attorney Registration Number

BRIAN AUBREY SMITH
Print Name

*This form was generated by NYSCEF*

EX PARTE MOTION OFFC.

APPROVED
FOR THE PAYMENT
OF MOTION FEE
ONLY

HON. FRANK P. NERVO

Present: Hon. _____ J.S.C.
　　　　　　Justice of the Supreme Court

At an Ex Parte Motion Part of the Supreme Court of the State of New York, held in and for the County of New York, at the courthouse located at 60 Centre Street New York New York on the 31st day of March 2021.

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

----------------------------------------------------------------X

ANURAG SHANKAR,

　　　　　　Plaintiff,

vs.

ACCENTURE LLP,

　　　　　　Defendant.

----------------------------------------------------------------X

Index No. 159870/2020

[PROPOSED] ORDER PURSUANT TO CPLR 2004 (EXTENSION OF TIME TO ANSWER)

Upon reading the annexed Affirmation of B. Aubrey Smith, Esq., dated March 30, 2021, and good cause appearing therefore, it is:

ORDERED, pursuant to CPLR 2004, that the time of the defendant to answer or move with respect to the complaint is extended for a period of twenty (20) days from the current date hereof deadline of March 30, 2021 to April 19, 2021.



FILED
AND FEE PAID

MAR 30 2021

COUNTY CLERK'S OFFICE
NEW YORK

be served upon counsel for plaintiff

Let service of a copy of this order ~~upon~~ plaintiff on the day following the entry of

on or before the 31st day of March 2021

~~this Order~~ be deemed sufficient.

**ENTER:**

_____

Justice of the Supreme Court

HON. FRANK P. NERVO
J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

—————————————————————— x
                                                          :
                                                          :
                                                          :
ANURAG SHANKAR,                                           :
                                                          :
        Plaintiff,                                        :        Index No. 159870/2020
                                                          :
                                                          :        **NOTICE OF ENTRY**
v.                                                        :
                                                          :
ACCENTURE LLP,                                            :
                                                          :
        Defendant.                                        :
                                                          :
                                                          :
—————————————————————— x

        **PLEASE TAKE NOTICE,** that annexed hereto is a true and correct copy of the Order

Pursuant to CPLR 2004 issued by Supreme Court of New York, New York County (Nervo, J.) in

the above-captioned case, dated March 31, 2021, and duly entered by the Clerk of the Supreme

Court of the State of New York, New York County, on March 31, 2021.


 Dated:  New York, New York              Respectfully Submitted,
         March 31, 2021                  WINSTON & STRAWN LLP


                                         By:   */s B. Aubrey Smith*
                                               B. Aubrey Smith
                                               200 Park Avenue
                                               New York, New York 10166
                                               212-294-6700 (phone)
                                               212-294-4700 (fax)
                                               BASmith@winston.com

                                               *Attorneys for Accenture LLP*

**TO:**

Anurag Shankar
15a Kensington Hall Gardens
Beaumont Avenue
West Kensington
London, United Kingdom, NY W14-9LS
anuragshankar@yahoo.com

*Plaintiff pro se*

EX PARTE MOTION OFFC.

APPROVED
FOR THE PAYMENT
OF MOTION FEE
ONLY

HON. FRANK P. NERVO

At an Ex Parte Motion Part of the Supreme Court of the State of New York, held in and for the County of New York, at the courthouse located at 60 Centre Street New York New York on the 31st day of March 2021.

Present: Hon. _____ J.S.C.
          Justice of the Supreme Court

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

-----------------------------------------------------------------------X
                                                              )
ANURAG SHANKAR,                                               )
                                                              )
            Plaintiff,                                        )     Index No. 159870/2020
                                                              )
      vs.                                                     )     [~~PROPOSED~~] ORDER
                                                              )     **PURSUANT TO CPLR 2004**
                                                              )     **(EXTENSION OF TIME TO**
ACCENTURE LLP,                                                )     **ANSWER)**
                                                              )
            Defendant.                                        )
                                                              )
                                                              )
                                                              )
-----------------------------------------------------------------------X

        Upon reading the annexed Affirmation of B. Aubrey Smith, Esq., dated March 30, 2021, and good cause appearing therefore, it is:

        ORDERED, pursuant to CPLR 2004, that the time of the defendant to answer or move with respect to the complaint is extended for a period of twenty (20) days from the ~~current~~ date hereof ~~deadline of March 30, 2021 to April 19, 2021.~~



FILED
AND FEE PAID

MAR 30 2021

COUNTY CLERK'S OFFICE
NEW YORK

be served upon counsel for plaintiff

Let service of a copy of this order ~~upon~~ plaintiff on the day following the entry of

on or before the 31st day of March 2021

~~this Order~~ be deemed sufficient.

ENTER:

_____
Justice of the Supreme Court

HON. FRANK P. NERVO
                    J.S.C.