UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANURAG SHANKAR,

                              Plaintiff,

                 -v-

ACCENTURE LLP,

                              Defendant.

21 Civ. 3045 (PAE) (OTW)

<u>OPINION & ORDER</u>

---

PAUL A. ENGELMAYER, District Judge:

Plaintiff Anurag Shankar ("Shankar") brings this employment discrimination action against defendant Accenture LLP ("Accenture"), under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and "all corresponding state and local laws." *See* Dkt. 1-1. On April 8, 2021, the case was removed from New York State Supreme Court in Manhattan, on the basis of both federal question and diversity jurisdiction. Dkt. 1. On April 15, 2021, Accenture moved to dismiss with prejudice all claims, with the exception of Shankar's state-law claims of discrimination based on national origin and race, to the extent that those claims are not time-barred. *See* Dkts. 6, 7, 8. On May 16, 2022, Shankar responded to Accenture's motion, stating that he does not object to the dismissal of his federal-law claims and requesting that his state-law claims be dismissed without prejudice to pursuing those claims in state court. *See* Dkt. 46. On May 25, 2022, Accenture replied, arguing that any remaining state-law claims must proceed in this Court, insofar as there is diversity jurisdiction over such claims. Dkt. 47. The Court referred the motion to the Honorable Ona T. Wang,

Magistrate Judge, to whom the Court had earlier referred the case for general pretrial supervision, Dkt. 5, for a Report and Recommendation. Dkt. 11.

On February 14, 2023, Judge Wang issued a Report and Recommendation, recommending that the Court dismiss with prejudice Shankar's federal-law claims, dismiss without prejudice his state-law claims for age and disability discrimination, and grant Shankar leave to amend his state-law claims. *See* Dkt. 48 (the "Report"). No parties filed objections. The Court incorporates by reference the summary of the facts provided in the Report. For the following reasons, the Court adopts the Report.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are timely made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF) (RLE), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

If a party objecting to a Report and Recommendation makes only conclusory or general objections, or simply reiterates its original arguments, the Court will review the Report strictly for clear error. *See Dickerson v. Conway*, No. 08 Civ. 8024 (PAE), 2013 WL 3199094, at *1

2

(S.D.N.Y. June 25, 2013); *Kozlowski v. Hulihan*, Nos. 09 Civ. 7583, 10 Civ. 0812 (RJH) (GWG), 2012 WL 383667, at *3 (S.D.N.Y. Feb. 7, 2012). This is so even in the case of a *pro se* plaintiff. *Telfair v. Le Pain Quotidien U.S.*, No. 16 Civ. 5424 (PAE), 2017 WL 1405754, at *1 (S.D.N.Y. Apr. 18, 2017) (citing *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). Furthermore, "[c]ourts do not generally consider new evidence raised in objections to a magistrate judge's report and recommendation." *Tavares v. City of New York*, No. 08 Civ. 3782 (PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (collecting cases).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Wang's well-reasoned Report reveals no facial error in its conclusions. The Report is therefore adopted in its entirety. Because the Report explicitly states that the parties "shall have fourteen (14) days (including weekends and holidays) from service of this Report to file written objections," and that the failure to file timely objections "will result in a waiver of objections," the parties' failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts Judge Wang's February 14, 2023 Report and Recommendation in its entirety and dismisses with prejudice Shankar's federal-law claims, dismisses without prejudice his state-law claims of age and disability discrimination, and grants him leave to amend his state-law claims.

3

The Court respectfully directs the Clerk of the Court to terminate the motion at docket 6.

This case remains under the able supervision of Judge Wang.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: March 17, 2023
　　　　New York, New York